IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERTO G. RAMIREZ,

      Plaintiff,                     No. CIV S-05-1706 LKK DAD P

   vs.

D. COLLINS, et al.,

      Defendants.            ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee.

      The court will also order plaintiff to file an amended complaint using the form complaint provided by the court. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

1

Dockets.Justia.com

1  28 U.S.C. § 1915A(b)(1),(2).

2  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff alleges that defendant correctional officer Collins has subjected plaintiff to harassment and retaliation by ordering an inmate to "confront me physically and verbally," and by accusing plaintiff of falsifying state documents and filing a false inmate grievance. (Compl. at 3.) Plaintiff contends that the harassment and retaliation were due to plaintiff's filing an inmate grievance about defendant Collins. (Id. at 4.) Plaintiff fears for his safety and that he will lose his family visitation and time credits. (Id.) Plaintiff is provided the following legal standards for his claims.

To support claims of harassment and retaliation under section 1983, a prisoner must allege that (1) prison officials retaliated against him or harassment him for exercising his

constitutional rights, and (2) the retaliatory action or harassment does not advance legitimate goals of the correctional institution or is not narrowly tailored to achieve those goals. See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A prisoner must also establish that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. See Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 285-87 (1977). Bare allegations are insufficient to avoid summary dismissal of a retaliation or harassment claim. See Rizzo, 778 F.2d at 532, n.4; see also Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). In his amended complaint, plaintiff must provide further allegations which describe the inmate grievance that was filed against defendant Collins and why plaintiff believes that the harassment and retaliation resulted from the grievance. Plaintiff must also provide facts or allegations to demonstrate that there was no legitimate basis for the retaliatory action or harassment.

Plaintiff indicates that because of a verbal confrontation with an inmate, he is fearful about his safety; however, verbal abuse does violate the Eighth Amendment proscription against cruel and unusual punishment. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). If plaintiff has been physically assaulted by an inmate, the following legal standard is applicable. It is well established that a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S. 25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. There are an objective and a subjective requirement which must be met for an Eighth Amendment claim. First, for the objective requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, the prison official must have a sufficiently culpable state of mind. See id. Here the state of mind is one of deliberate indifference. See id. A prison official who knows of and disregards an

excessive risk to the inmate's health or safety demonstrates deliberate indifference. <u>See</u> <u>id.</u> at 837.  Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." <u>Id.</u> However, an official that knows of a substantial risk to an inmate's health or safety but acts reasonably under the circumstances will not be held liable under the cruel and unusual punishment clause, even if the threatened harm results.  <u>See</u> <u>id</u>. at 843.  Therefore, in his amended complaint plaintiff must allege facts demonstrating that he faced a substantial risk of serious harm, that defendant Collins knew of and disregarded the risk of harm to plaintiff, and that defendant's actions were not reasonable.

Lastly, plaintiff is advised that by the provisions of the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under regulations governing prison grievance procedures in California, state prisoners "may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  The administrative appeal system progresses from an informal review through three formal levels of review. <u>See</u> Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  In light of the Supreme Court's holding in <u>Booth v. Churner</u>, 532 U.S. 731 (2001), a California prisoner must file a prison grievance on all claims challenging prison conditions and, as a general rule, proceed to the Director's level of review prior to bringing a § 1983 action on those claims, regardless of whether the relief sought by the prisoner is available through the administrative appeal system.  It is not clear whether plaintiff exhausted his administrative remedies before filing this lawsuit.  Plaintiff is cautioned that if he did not exhaust his administrative remedies before filing this lawsuit, he should consider requesting that this case voluntarily dismissed without prejudice.

If plaintiff decides to proceed with this case, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court; plaintiff must file an original and two copies of the amended complaint.

3. Plaintiff shall submit, within thirty days from the date of service of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee.

4. The Clerk of the Court is directed to send plaintiff a form complaint for a section 1983 action, and an Application to Proceed In Forma Pauperis By a Prisoner.

5. Plaintiff's failure to comply with this order will result in the dismissal of this action.

DATED: August 31, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kf/4
rami1706.3a